**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY D. UNDERHILL,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>       Defendant-Appellee. | No. 14-35721<br><br>D.C. No. 3:13-cv-05881-MAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Argued and Submitted March 7, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Claimant Gary Underhill appeals the district court's judgment affirming the

denial of his application for disability insurance benefits under the Social Security

Act. Reviewing the district court's decision de novo and the administrative law

judge's ("ALJ") decision for substantial evidence, Rounds v. Comm'r Soc. Sec.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<u>Admin.</u>, 807 F.3d 996, 1002 (9th Cir. 2015), we reverse and remand with instructions to remand to the agency.

1. The ALJ did not give "persuasive, specific, [and] valid reasons" for failing to afford great weight to the Department of Veterans Affairs' ("VA") determination that Claimant was totally disabled. <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002). The first reason given by the ALJ—that the rating system used by the VA is not the same as the one used by the Social Security Administration—is not valid. <u>Berry v. Astrue</u>, 622 F.3d 1228, 1236 (9th Cir. 2010). The second reason given by the ALJ—that several of the impairments underlying the VA's rating were not mentioned by Claimant in his testimony at the hearing—is not persuasive because those impairments were discussed in the medical records that Claimant submitted. Moreover, Claimant's failure to mention those impairments is attributable in large part to the ALJ's failure to develop the record by asking Claimant the right questions. <u>See</u> <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1068 (9th Cir. 2006) ("[W]e find that the ALJ's reliance on [the claimant's] failure to mention a physical problem . . . is especially unreasonable in light of the ALJ's special duties with regard to developing the record."). For example, when Claimant testified that his disability resulted "primarily" from his back and hip

2

conditions, the ALJ did not explore what conditions secondarily contributed to the claimed disability.

2. The ALJ also erred by failing to consider the medical opinion of Dr. Rezvani. See Marsh v. Colvin, 792 F.3d 1170, 1172–73 (9th Cir. 2015). Dr. Rezvani, unlike Dr. Suffis, opined that x-rays showed that Claimant had "mild to moderate" degenerative disc disease, and further noted that Claimant walked with a limp. Had the ALJ considered those medical findings, he might have come to a different conclusion concerning the limiting effects of Claimant's back impairment and, ultimately, to a different conclusion regarding Claimant's residual functional capacity and disability. And the VA rating, had it been given greater weight, might have swayed the ALJ's ultimate disability determination.

3. Because we cannot conclude that the ALJ's errors were "inconsequential to the ultimate nondisability determination," Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006), we cannot find that the ALJ's errors were harmless.

4. Claimant's remaining arguments are unpersuasive.

5. Even crediting as true Dr. Rezvani's medical opinion and the VA's disability rating, the ALJ would not be required to find Clamaint disabled. Accordingly, we remand to the district court with instructions to remand the case to

3

the agency on an open record for further proceedings.  Burrell v. Colvin, 775 F.3d

1133, 1141–42 (9th Cir. 2014).

**REVERSED** and **REMANDED** with instructions.

*Underhill v. Berryhill*, No. 14-35721

IKUTA, Circuit Judge, dissenting:

The ALJ did not err in his analysis of the Department of Veterans Affairs's disability rating. The ALJ's determination that the medical evidence did not support this rating and that the "predicate" to the VA's determination of disability was "mysterious," is supported by substantial evidence in the record. Among other things, the VA's determination that Underhill was disabled (as defined under the VA regulations) required a finding that Underhill suffered from tinnitus, and the ALJ reasonably disregarded Underhill's tinnitus because the record did not include a diagnosis from a medically acceptable source supported by objective findings. Therefore, the ALJ provided a "persuasive, specific, valid reason[]" for doing so that was "supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Alternatively, any error was harmless because it clearly would not have altered the ALJ's decision, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), given the substantial evidence supporting the ALJ's residual functional capacity.

The ALJ did not err by failing to explicitly mention Dr. Rezvani's medical opinion that Underhill had degenerative disc disease. An "ALJ does not need to discuss every piece of evidence" in the record, only evidence that is significant and

probative. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted). Here, the ALJ did not need to give clear and convincing reasons for rejecting Dr. Rezvani's report because the ALJ did not reject it. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). The ALJ found that Underhill's degenerative disc disease constituted a severe impairment, and incorporated it into his assessment of Underhill's residual functional capacity. Because Dr. Rezvani did not identify any functional limitations in his report, the ALJ's determination did not contradict Dr. Rezvani's opinion.

The supposed errors that the majority identifies in the ALJ's decision were not errors at all, and the majority should not turn a review of an ALJ's decision for substantial evidence into a flyspecking exercise.[1] I dissent.

---

[1] At least as to our standard for reviewing ALJ's evaluations of VA decisions, "relief is on its way," *Jibril v. Gonzales*, 423 F.3d 1129, 1138 (9th Cir. 2005), in the form of new regulations, which provide that for claims filed after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled, blind, employable, or entitled to any benefits." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5864, 5874 (Jan. 18, 2017) (amending 20 C.F.R. §§ 404.1504, 416.904). This amended regulation will overrule *McCartey*'s requirement that "an ALJ must ordinarily give great weight to a VA determination of disability" or provide "persuasive, specific, valid reasons for [giving less weight] that are supported by the record," 298 F.3d at 1076. *See Irigoyen-Briones v. Holder*, 644 F.3d 943, 947 (9th Cir. 2011); *see also Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–84 (2005).